UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Teresita Tessier,<br>Plaintiff,<br><br>v.<br><br>JAI Hospitality RG, LLC d/b/a Wendy's,<br>Defendant. | CASE NO.: _____<br><br>**COMPLAINT** |

**JURISDICTION AND PARTIES**

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964 and §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA").

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, 42 U.S.C. §1981 have occurred or been complied with.

   a.  A charge of employment discrimination on the basis of race, color, and/or national origin discrimination, disability discrimination, and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission (EEOC).

   b.  Notification of the Right to Sue has not been received from the Equal Employment Opportunity Commission (EEOC).

3. The Plaintiff, Teresita Tessier, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, JAI Hospitality RG, LLC d/b/a Wendy's, upon information and belief, is a foreign corporation organized in the State of Florida and operating under the laws of the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. In or around 2018, the Plaintiff (Filipino) began working for the Defendant as an associate. The Plaintiff was effective and efficient in her work.

11. On or about September 10, 2023, the Plaintiff was involved in a car wreck while on the clock for Defendant. The Plaintiff immediately notified her supervisor that she was involved in a car wreck and was injured and would be on light duty. The Defendant denied this accommodation, even though her treating physician put her on light duty due to her injuries.

12. Following her report of injury the Plaintiff was subjected to harassment and discrimination based on her race, color, and/or national origin.

13. On or about March 11, 2024, the Plaintiff was told that she was too slow due to her injury, and she was subsequently fired and told she should "get the fuck out and go back to her country," by the assistant manager visiting from another location.

14. Following the Plaintiff's claim for workers' compensation, the Defendant, its agents, servants and/or employees began systematically retaliating against Plaintiff.

15. Prior to the Plaintiff's injuries, Plaintiff had never received any verbal or written reprimands.

16. The Plaintiff attempted to report the incident of race, color, and/or national origin discrimination to the district manager, but she did not respond, and the Plaintiff was subsequently terminated.

17. Defendant retaliated against Plaintiff for reporting the acts and failed to stop the discrimination, detrimental treatment, and inappropriate behavior, thereby creating a hostile work environment.

18. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of racial discrimination, detrimental treatment, and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

19. Despite her reporting the behavior, Defendant did not take appropriate action to resolve the problems and instead terminated the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Racial Discrimination

18. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

19. Plaintiff is a member of a protected group on the basis of her race, color, and/or national origin. Plaintiff was retaliated against and terminated based on her race, color and/or national origin in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

20. The Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a.   In failing to continue to employ Plaintiff due to her race, color and/or national origin;

   b.   In showing preferential treatment to non-Filipino employees and detrimental treatment to Plaintiff; and

   c.   In discharging Plaintiff due to her race, color and/or national origin and in retaliation for filing reports of the discrimination and inappropriate behavior.

21. That in failing to protect Plaintiff from racial discrimination, detrimental treatment and retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

22. The Defendant violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, detrimental treatment and retaliation to exist in the workplace.

23. As a direct and proximate result of the Defendant's discrimination and retaliation on the basis of race, color and/or national origin, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

24. The Defendant's employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

25. The Plaintiff is entitled to injunctive relief and/or civil damages from the Defendant as a result of the employment discrimination as alleged above.

26. Due to the acts of the Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Violation of the ADA – Failure to accommodate

27. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28. The Plaintiff is an individual or is perceived to be an individual with a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

29. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual or is perceived to be an individual with a disability who can perform the essential functions of his job and other jobs in Defendant's employ.

30. As a result of his disability, the Plaintiff requested reasonable accommodation of working with the restrictions that the doctor required in regard to her workers' compensation claim.

31. The Defendant declined, without just cause, to provide those accommodations to the Plaintiff.

32. The Defendant has also failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodations.

## FOR A THIRD CAUSE OF ACTION
### Retaliation

33. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

34. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon reporting the detrimental treatment and discrimination based on her race, color and/or national origin, Plaintiff was terminated from her position in retaliation for asserting her rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

35. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

36. The Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

37. That the aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

38. Due to the acts of the Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A FOURTH CAUSE OF ACTION
### Retaliation §41-1-80

39. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

40. The Plaintiff's treatment, in fact, was retaliatory in nature for the Plaintiff's institution, or causing to be instituted, a workers' compensation claims, and the arbitrary and irrational reason given was a pretext, all in violation of the S.C. Code of Laws, §41-1-80, as amended.

41. The Plaintiff's institution, or causing to be instituted, of a worker's compensation claim was a substantial factor in the Defendant terminating her.

42. The acts and conduct of the Defendant set forth above constitute a clear violation of public policy and were conducted in bad faith.

43. Because of such wrongful and retaliatory treatment by the Defendant, its agents and employees, The Plaintiff has been damaged in such an amount to be determined by the trier of fact.

44. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits and lost opportunity, reinstatement of benefits, and front pay.

45. Due to the acts of the Defendant, its agents and/or employees, the Plaintiff is entitled to an equivalent amount of pay that she regularly gets before her injuries through, back wages and bonuses from the date of her retaliation to the present date, front pay for wages, wages she will lose in the future, and past and future benefits.

## REQUEST FOR RELIEF

46. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

47. Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

48. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

_s/ Matthew O. King_
Matthew O. King (Fed. I.D. #13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
March 10, 2025